Filed October 5, 1892.

---

No. 15,846.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. CRAUCHER.

RAILROADS.—*Complaint Against.*—*Motion to Make More Specific.*—*What Facts Sufficient to Constitute a Passenger.*—*Exonerating Facts Must be Set Up in Defence.*—In an action against a railroad company, the complaint alleged that the defendant was a common carrier, etc., and at a certain date the plaintiff took passage and was admitted as a passenger in one of appellant's cars in one of its trains, to be carried from Medora, in Jackson county, to his home in Sparksville, both of said stations being on said defendant's road.

*Held,* that a motion to make the complaint more specific in alleging how and in what manner he was admitted as a passenger in one of appellant's cars., and whether he purchased a ticket, or was prevented therefrom, and, if so, how, or whether he paid or tendered his fare from the point of entrance to the point of destination, was properly overruled. The facts stated made him a passenger.

*Held,* also, that if any fact exists which exonerates the company from treating him as a passenger, it must be pleaded in defence.

INSTRUCTIONS TO JURY.—*Refusal to Give.*—*When Reversible Error.*—On the trial of a cause the appellant asked the court to give the following instruction, which was refused; "If you find from the evidence that a witness who has testified in the case is a person of bad moral character, you should consider that fact in determining what weight, if any, you will give to his testimony." There being evidence tending to establish the fact covered by the instruction, and no other instruction bearing upon the same fact being given by the court, the refusal to give the instruction was reversible error.

From the Jackson Circuit Court.

The Ohio and Mississippi Railway Company v. Craucher.

*W. M. Ramsey, L. Maxwell, R. Ramsey, E. Barton, H. D. McMullen, W. R. Johnson* and *H. R. McMullen,* for appellant.

*R. Applewhite* and *J. F. Applewhite,* for appellee.

OLDS, J.—This is an action brought by the appellee against the appellant for damages sustained by reason of being forcibly ejected from appellant's train of cars.

The first error assigned and discussed by appellant's counsel is the overruling of a motion by appellant to require the appellee to make each paragraph of his complaint more specific in alleging how and in what manner he was admitted as a passenger in one of appellant's cars, and whether he purchased a ticket or was prevented therefrom, and if so, how, or whether he paid or tendered his fare from the point at which he entered the car to the point of his destination.

Each paragraph of the complaint alleges that the appellant was a common carrier, etc., and at a certain date the appellee took passage and was admitted as a passenger in one of appellant's cars in one of its trains, to be carried from Medora, in Jackson county, to his home in Sparksville, both of said stations being on said appellant's road.

We regard the allegations as sufficient. The allegation that he took passage to be carried from one station to another is a fact that made him a passenger. It is contended that the allegation that " he was admitted as a passenger " is the allegation of a conclusion, and that it is necessary to allege facts which constituted the appellee a passenger upon the train. Possibly the word " passenger" is a conclusion, but if that be struck out, it leaves the averments in the complaint to the effect that the appellee took passage upon a car in one of the appellee's trains, and was admitted in one of defendant's said cars to be carried from the point of entry to the point of destination. These facts alleged made him a passenger. A common carrier is bound to accept as passengers and carry all persons unless some lawful reason exists for excluding

them from their trains, and the fact that a person presents himself at a station, and is permitted to enter a car, and does enter for the purpose of being carried from such point to another station upon the line of the road at which the train stops, makes him a passenger, and he is entitled to be treated as such. If any facts exist which exonerate the company from treating such person as a passenger or which forfeits his right to be carried upon such train, it must be pleaded as a defence. We think the facts pleaded in each paragraph of the complaint are sufficiently specific, and the motion was properly overruled.

The next alleged error discussed is the refusal to give instruction numbered three requested by the appellant, which is as follows:

"3. If you find from the evidence that a witness who has testified in the case is a person of bad moral character, you should consider that fact in determining what weight, if any, you will give to his testimony."

This instruction was refused, and no instruction upon the subject was given by the court. There was some evidence at least tending to establish the fact that the general moral character of the appellee, who testified in his own behalf, and who was a material witness in the case, was bad. One witness at least testified to having lived at Sparksville, the home of the appellee, for two years, and only left there some two months before the date of the trial; that he was acquainted with appellee's general moral character, and that it was bad.

This was competent evidence, and a matter which the jury had the right to consider in weighing his testimony, and there being testimony tending to establish the general bad moral character of the witness, it was for the jury to determine what weight they should give to such testimony, and it was a matter which the appellant had the right to have the jury instructed upon. It is suggested by counsel for the appellee, in relation to the refusal to give this instruction,

that " In the first place the ruling of the court did the defendant no harm. In the second place there was no evidence against the character of the appellee when measured by the legal test," and that the witness " stated he did not know what the reputation was at the time of the trial." It is true the witness said he had been absent from Sparksville since about two months prior to the trial, but the witness testifies positively that when he was there appellee's reputation was bad. The testimony related to such a recent date prior to the trial that it was competent, and was admitted, and therefore it was for the jury to weigh it and determine whether it affected the credibility of appellee as a witness.

As to why the ruling did the appellant no harm no reason is suggested by appellee's counsel.

In our judgment the ruling of the court in refusing to give the instruction requested was erroneous.

There are a number of other errors assigned and discussed relating to the introduction of evidence and the giving of instructions, but they are questions that may not arise on a retrial of the cause, and the general principles of law governing in the trial of such causes is so well settled that it is unnecessary to pass upon the other questions presented.

Judgment reversed, with instructions to the circuit court to grant a new trial.

