INDIANA UNION TRACTION COMPANY *v.* McKINNEY.

[No. 5,680.    Filed June 5, 1906.    Rehearing denied November
14, 1906.]

1. PLEADING.—*Complaint.*—*Negligence.*—*General Allegations.*—
*Interurban Railroads.*—*Carriers.*—A complaint by a passenger
alleging that the defendant interurban railroad company negli-
gently approached a switch at a high and dangerous rate of
speed and negligently ran into such switch at such speed,
thereby inflicting injuries upon plaintiff, states a cause of
action.    p. 89.

2. SAME.—*Negligence.*—*General Allegations.*—*Evidence.*—A gen-
eral allegation in the complaint that an act was negligently
done is sufficient as against a demurrer; and the specific acts
constituting the negligence may be given in evidence there-
under.    p. 90.

3. SAME.—*Complaint.*—*Negligence.*—*Interurban Railroads.*—*De-
railment of Car.*—A complaint by a passenger alleging that
defendant interurban railroad company negligently ran its car
into a switch at a dangerous rate of speed, thereby derailing
the car and causing plaintiff's injuries, is sufficient to show
negligence in such derailment of the car.    p. 90.

4. SAME. — *Complaint.*—*Carriers.*—*Passengers.*—*Relationship.*—
A complaint showing that plaintiff took passage on defendant
interurban railroad company's car at Indianapolis to be carried
to Anderson sufficiently shows the relation of passenger and
carrier.    pp. 90, 92.

5. SAME.—*Answer of Settlement.*—*Reply of No Consideration.*—
*Demurrer.*—*Burden of Proof.*—Overruling a demurrer to a
paragraph of reply of no consideration to an answer of pay-
ment and settlement is not reversible error, where a reply in
denial is also filed, the burden of proof of payment and settle-
ment being on defendant, and all evidence on the question of
consideration being admissible under such denial.    p. 90.

6. SAME.—*Answer of Settlement.*—*Reply of Non est Factum.*—
*Sufficiency.*—A reply of *non est factum,* the facts being set out
in detail, to an answer of settlement and satisfaction by the
receipt of a check, sufficiently denies the receipt and indorse-
ment of the check for the purposes set out in the answer.    p. 91.

7. SAME.—*Answer.*—*Exhibits.*—*Checks.*—A check set out as an
exhibit in an answer of payment and settlement, is a part of
such answer.    p. 92.

Indiana Union Traction Co. *v.* McKinney—39 Ind. App. 86.

8. CARRIERS.—*Passengers.—Forfeiture of Rights of.—Defense.*—
Facts showing that a person taking passage on a passenger
train is not in reality a passenger or has forfeited his rights as
such, constitute an affirmative defense which must be set out
in an answer to be available. p. 93.

9. TRIAL.—*Negligence.—Carriers.—Derailment of Cars.—Burden
of Proof.—Care Required.*—Proof by the plaintiff of the derail-
ment of a passenger car makes a *prima facie* case of negligence,
which can be overcome by the defendant only by showing that
such derailment could not have been avoided by the exercise of
the highest practicable care and diligence. p. 93.

10. HUSBAND AND WIFE.—*Support of Wife.—Medical Services.—
Liability for.*—At the common law it is the husband's duty to
furnish his wife medical attention; and a recovery for such
attention, because of negligently inflicted injuries, belongs to
the husband, unless the wife has contracted to pay therefor
personally. p. 94.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by Flora McKinney against the Indiana Union
Traction Company. From a judgment for plaintiff, de-
fendant appeals. *Affirmed.*

*James A. Van Osdol, Louis B. Ewbank* and *Marsh &
Cook,* for appellant.

*M. S. Hawkins, Wymond J. Beckett* and *Mason & Jack-
son,* for appellee.

WILEY, J.—Action by appellee to recover damages for
personal injuries sustained by her in a wreck of an electric
car in which she was riding over appellant's road. The
complaint was in two paragraphs, a demurrer to each of
which was overruled. Appellant answered in four para-
graphs, the first of which was a denial; the second, a plea
of settlement and payment in full; and the third, a plea of
release of damages in consideration of money paid by
check. The fourth paragraph of answer is omitted from
appellant's brief, and is not discussed in argument. Ap-
pellee replied in three paragraphs, the first of which was a
denial; the second averred that there was no consideration
for the alleged release and settlement of damages, and the

third a plea of *non est factum* as to the release. A demurrer to the second and third paragraphs of reply was overruled. Trial by jury, verdict and judgment for appellee in the sum of $2,500. Appellant's motion for a new trial was overruled. Overruling the demurrer to each paragraph of the complaint, to the second and third paragraphs of the reply, and overruling the motion for a new trial are assigned as errors.

Omitting the formal parts of the first paragraph of complaint, it is therein averred that appellee, on July 4, 1903, took passage at Indianapolis on one of defendant's cars; that she paid her fare and became a passenger at Indianapolis, and desired to be conveyed to the city of Anderson, Indiana, and to points east thereof; that she was sitting in her seat in one of defendant's cars, in the exercise of due care, and that the defendant negligently and carelessly approached a switch with said car in which she was a passenger, at the town of McCordsville, at a high and dangerous rate of speed, and negligently ran into said switch at said high and dangerous rate of speed, and that, by reason thereof, said car left the track, and "thereby negligently destroyed said car, and negligently threw this plaintiff from her seat in said car, and against the sides and windows of said car," to her injury, etc. In the second paragraph of complaint it is alleged that appellant maintained a switch and switch track at McCordsville; that the switch had become and was defective in that the tongue and rail thereof had become warped and crooked; that the switch tongue and rail did not fit perfectly; that appellant had negligently permitted said switch and switch rails and attachments to get out of repair and become defective as aforesaid; that appellant's car, in passing upon the switch, by reason of the defects thereof, would run off of the track and become derailed. This paragraph contains the following averment: "And plaintiff says that she took passage upon the defendant's car on said date, at Indianapolis,

Indiana, and desired to be transported over the defendant's line from said city of Indianapolis to said city of Anderson, and to points east thereof, and that the defendant on said date did, with said car upon which this plaintiff was a passenger as aforesaid, negligently approach said defective switch at a high and dangerous rate of speed, and did negligently fail properly to investigate and discover the condition of said switch before running into and upon the same." It is further averred that by reason of appellant's negligent failure to approach the switch with the car under control, and by reason of its failure to investigate and know the condition of said switch, and by reason of its negligence in failing properly to construct the same, and keep it in repair, appellant's car, upon which appellee was a passenger, was, by appellant's negligence, as aforesaid, derailed at said switch, whereby she was injured, etc.

It is contended by counsel for appellant that the first paragraph of complaint does not charge that appellant was guilty of any negligent act—that merely running the car at a high and dangerous rate of speed is not negligence *per se*. The language of this paragraph of complaint is that "defendant negligently and carelessly approached a switch with said car, in which this plaintiff was a passenger, at a high and dangerous rate of speed, and negligently ran into said switch at said high and dangerous rate of speed, and that by reason thereof said car left said track and thereby * * * negligently threw her from her seat," etc. As a matter of pleading this is a sufficient charge of negligence. In the case of *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360, this identical question was involved, and the court said: "The appellant negligently ran its car at a high and dangerous rate of speed into a switch maintained by it on its own line, in consequence of which negligent conduct the car ran off of the track and against a pole in the street. * * * Nothing else can be understood from the averments of the

complaint than that the negligent conduct of the appellant in running its car at a high rate of speed into a switch on the main line caused the car to leave the track. . * * * In view of the very strict responsibility of carriers for injuries to passengers, no great particularity is necessary in the description of the negligence by which the injury was occasioned."

The authorities in this State seem to be uniform that as a rule of pleading it is sufficient, as against a demurrer for want of facts, to characterize an act as having been negligently and carelessly done, and that under such an allegation the specific facts constituting the negligence may be given in evidence. *Louisville, etc., R. Co.* v. *Jones* (1886), 108 Ind. 551; *Cleveland, etc., R. Co.* v. *Berry* (1899), 152 Ind. 607, 46 L. R. A. 33; *Chicago, etc., R. Co.* v. *Grimm* (1900), 25 Ind. App. 494; *Citizens St. R. Co.* v. *Lowe* (1895), 12 Ind. App. 47.

It is also urged that the paragraph is bad because it does not allege a negligent derailment of the car. It is averred that by reason of the negligence charged, the car left the track, etc. This is sufficient. The demurrer to the first paragraph of complaint was properly overruled.

A general objection is urged to the complaint because it fails to show by proper averment that the relation of carrier and passenger existed. This objection is not well grounded. It affirmatively appears that appellee took passage upon one of appellant's cars at Indianapolis, to be carried to Anderson. This shows that the relation of carrier and passenger existed. *Ohio, etc., R. Co.* v. *Craucher* (1892), 132 Ind. 275.

The second paragraph of answer alleges that after appellee's cause of action accrued, appellant settled the same by paying to her the sum of $50, which amount she accepted "in full settlement, discharge, and satisfaction thereof." The third paragraph of answer

alleges that after appellee's cause of action accrued, and before this action was commenced, it was mutually agreed between appellant and appellee that the former would deliver to the latter, and that she would receive in full settlement and satisfaction of the claim sued on, the check of appellant, in favor of appellee and her husband, in the sum of $50; that, pursuant to said agreement, appellant delivered to appellee said check; that she received the same in full settlement, discharge, and release of the claim sued on. A copy of the check, with indorsement showing payment, etc., is filed as an exhibit to the answer. The second paragraph of reply is as follows: "And for a second paragraph of reply to defendant's second, third, and fourth paragraphs of answer, plaintiff says that there was no consideration of any nature whatsover for the alleged release and settlement, as set out in defendant's said second, third, and fourth paragraphs of answer." It is urged in argument that the second paragraph of reply is insufficient to avoid the second paragraph of answer, because the answer is a simple plea of payment in full, and acceptance on the part of appellee, while the reply is merely a plea of no consideration, and that it does not even remotely touch upon the facts in the answer. If the second paragraph of reply was bad, overruling the demurrer to it was not reversible error. The second paragraph of answer tendered the issue of payment and settlement. The first paragraph of reply was a denial. Upon the issue of payment and settlement the burden was upon appellant. All the evidence pertinent to that issue was admissible under the answer and the denial in reply.

The third paragraph of reply is as follows: "And for a third paragraph of reply to defendant's third and fourth paragraphs of answer, plaintiff says that she did not execute the release set out in defendant's said fourth paragraph of answer, nor did she authorize any one for or on her behalf so to execute said release; she

further says that she did not execute nor indorse the check
or voucher set out in defendant's said third and fourth
paragraphs of answer, nor did she authorize any one for
or on her behalf so to execute or indorse said voucher; she
further states that she did not, at any time, enter into any
contract of any nature whatsoever with said defendant in
reference to the settlement of her said claim for damages as
set forth in her complaint, nor did she authorize any one for
or on her behalf so to enter into any contract of release or
settlement of her said claim as set forth in her said com-
plaint." This paragraph of reply was verified. The ex-
hibit filed with the third paragraph of answer is a copy of
the check, a voucher showing that it was on account of
damages, etc., and the following: "The indorsement of
this voucher by the payee constitutes a release in full of the
within account." The reply avers that appellee did not
enter into any such contract, or indorse the check or
voucher, nor authorize any one to execute or indorse it for
her. This paragraph of reply pleads *non est factum* as to
all material facts pleaded in the third paragraph of answer.

Under the very terms of the check and voucher, which
is made an exhibit to the answer, and thereby becomes a
part of it, the agreement relied upon by appellant
7.   could not have become effective until the check and
voucher were indorsed by appellee or some one au-
thorized by her, and this she avers, under oath, was not
done. The receipt by appellee of the voucher and check
was only one of the steps in their execution, and the denial,
under oath, of the execution of these instruments is a suffi-
cient denial that she received them in settlement of her
claim. The demurrer was correctly overruled.

Under the motion for a new trial the only questions dis-
cussed are those presented by certain instructions given.
Instructions four and five, given by the court upon
4.   its own motion, are criticised because, in stating the
issues tendered by each paragraph of the complaint,

the court told the jury that it was averred that appellee was a passenger upon one of appellant's cars, and that she desired to be transported from Indianapolis, Indiana, to Anderson, etc. It is urged that the averments of the complaint do not show that the relation of carrier and passenger existed. In determining the sufficiency of the complaint we passed upon this question. In *Ohio, etc., R. Co. v. Craucher, supra,* it was said: "The allegation that he took passage to be carried from one station to another is a fact that made him a passenger. * * * If any facts exist which exonerate the company from treating such person as a passenger or which forfeits his right to be carried upon such train, they must be pleaded as a defense. We think the facts pleaded in each paragraph of the complaint are sufficiently specific, and the motion was properly overruled."

These instructions are not subject to the objections urged. The first instruction given by the court on appellee's motion was in substance that proof of the derailment of the car and resulting injury raises a presumption of the carrier's negligence amounting to *prima facie* proof, and adding: "And it is incumbent upon the carrier to produce evidence which will excuse the *prima facie* failure of duty on its part; or, in other words, the carrier has the burden of proving, in order to rebut the presumption of negligence under the circumstances herein stated, that the accident could not have been prevented by the exercise of the highest practical care and diligence." The second instruction given on appellee's motion is substantially the same as the first. An instruction, in almost the identical language of these, was approved in *Indianapolis St. R. Co. v. Schmidt, supra,* and *Terre Haute, etc., R. Co. v. Sheeks* (1900), 155 Ind. 74.

The fifth instruction is as follows: "The husband is legally bound to pay the doctors' bills and bills for medi-

cine necessarily incurred in the treatment of his wife, unless she agreed to pay them herself; and if the plaintiff was injured by the negligence of defendant, * * * and a physician was called to treat her in consequence thereof, and medicine and drugs purchased to be used to heal and restore her to health, the husband would have a right of action to recover such expense, in addition to any damage that might result from the loss of services of his said wife, and any amount of money received in settlement of the claim of the plaintiff and her husband for that purpose, in the absence of a special agreement to the contrary, would belong to the husband." As an abstract proposition this instruction is a correct statement of the law. At common law a husband was bound to support and maintain his wife, provide her with necessary lodging, clothing, sustenance, etc., and in case of sickness or injury, furnish her with medicines and medical attendance, and there is no statutory provision, to our knowledge, which relieves him from these. obligations. *Rardine v. Mason* (1903), 30 Ind. App. 425. It will be observed that the instruction is directed to the fact that if the money was received for the purposes indicated, it would belong to the husband. There was no error in giving it. This disposes of all the questions discussed.

Judgment affirmed.