## VANDALIA RAILROAD COMPANY v. DARBY.

[No. 8,582.   Filed May 7, 1915.   Rehearing denied November 5, 1915.   Transfer denied December 15, 1915.]

1.  CARRIERS.—*Carriage of Passengers.*—*Traveler on Freight Train.*— Where a woman, at the request of the conductor, entered the caboose of a freight train to accompany and care for an injured person who was being transported to a hospital, she became a passenger to whom the railroad company owed the duty of exercising the highest practical care and diligence in the operation of the train, regardless of the question of the conductor's authority under ordinary conditions to carry passengers on his train.   p. 297.

2.  CARRIERS.—*Carriage    of    Passengers.*—*Injuries.*—*Pleading.*—A complaint showing that plaintiff was a passenger on defendant's freight train and alleging that while riding thereon the defendant suddenly, without warning, negligently and with great force and violence applied the air brakes while the train was running at a rapid rate of speed, thereby causing the train to stop suddenly and violently, whereby plaintiff was thrown from her chair and injured, sufficiently alleged facts constituting negligence.   p. 298.

3.  CARRIERS.—*Carriage of Passengers.*—*Care Required.*—*Passengers on Freight Train.*—A railway company carrying passengers on freight trains must exercise the highest degree of care for their safety, consistent with the usual and practical operation of such trains, and is responsible for any negligence which results in injury to a passenger while being so carried.   p. 299.

Vandalia R. Co. *v.* Darby—60 Ind. App. 294.

4. CARRIERS.—*Carriage of Passengers.—Passengers on Freight Train.—Presumptions.—Assumption of Risk.*—The presumptions indulged in favor of passengers upon a regular passenger train arise also in favor of a passenger upon a freight train who is injured while passively submitting to the regulations of the company, but one who voluntarily becomes a passenger on a freight train assumes the risks and inconveniences necessarily and reasonably incident to such means of transportation, including the ordinary sudden bumping and jerking of cars in stopping and starting. p. 299.

5. CARRIERS.—*Passengers on Freight Train.—Injuries.—Res Ipsa Loquitur.*—The doctrine of *res ipsa loquitur* applies to a passenger injured while riding on a freight train the same as when riding on a passenger train, but such passenger assumes the risks and inconveniences necessarily and reasonably incident to such transportation. p. 300.

6. CARRIERS.—*Passengers on Freight Train.—Injuries.—Instructions.*—In an action for injuries to a passenger while riding on a freight train, where the evidence showed that plaintiff went upon such train at the invitation of the conductor for the purpose of attending and caring for a person who was being transported to a hospital, an instruction that if plaintiff was injured by reason of the negligence of defendant as charged in her complaint, while rightfully upon the train, without any fault on her part, a finding for plaintiff would be authorized, was not objectionable as authorizing a finding against defendant without showing the relation of passenger and carrier. p. 301.

From Clay Circuit Court; *John M. Rawley*, Judge.

Action by Martha Darby against the Vandalia Railroad Company. From a judgment for plaintiff the defendant appeals. *Affirmed.*

*McNutt, Wallace & Sanders, A. W. Knight* and *John G. Williams,* for appellant.

*G. S. Payne, Duvall & Beall* and *Thomas Nance,* for appellee.

FELT, J.—Appellee recovered a judgment against appellant for $750 for personal injuries alleged to have been received by her through appellant's negligence while she was a passenger riding in the caboose of one of appellant's freight trains.

The errors assigned and relied on for reversal of

the judgment are (1) the overruling of the demurrer to the complaint for insufficiency of the facts alleged to state a cause of action and (2) the overruling of the motion for a new trial.

In substance it is charged in the complaint that appellant is a common carrier and on October 11, 1910, was engaged in the business of carrying both freight and passengers from the city of Terre Haute to Indianapolis, Indiana; that at Chamberlain Crossing one of appellant's trains collided with a farm wagon and severely injured a man and woman; that appellee resided near the place of collision and went to the relief of the injured; that appellant placed the injured persons in the caboose of a freight train to transport them to the city of Terre Haute and place them in a hospital; that Mrs. Caveny, the injured woman, was crushed, bruised and unconscious, and at the request and solicitation of the conductor of the train appellee entered the caboose to care for Mrs. Caveny until she reached the hospital; that the conductor promised to give her transportation to Terre Haute and return home if she would do so and she agreed to comply with the request and entered the caboose and cared for the injured lady continuously until the train reached Terre Haute; that Mrs. Caveny was on a cot and appellee sat beside her on a chair furnished her by appellant; that by reason of the aforesaid facts appellee was a passenger on appellant's said train and it was appellant's duty to use the highest degree of care to avoid injuring her; that appellant failed to perform such duty and when the train was approaching the city of Terre Haute, "negligently and carelessly, suddenly and without warning and with great force and violence applied the air brakes to said train, while said train was running at a rapid rate of speed, thereby causing said train to come to a

sudden and violent stop" by reason of which she was suddenly hurled from her seat and violently thrown forward in the caboose fifteen or twenty feet against the side of the car and on the floor and severely injured. Appellant's memorandum states reasons why the complaint is insufficient as follows: It fails to show (1) that the relation of carrier and passenger existed; (2) that the conductor in charge of the train in question had any authority to permit appellee to board and remain upon the train; (3) that the application of the air brakes was the proximate cause of the injury; (4) the facts which indicate negligence in the use of the air brakes; (5) the complaint does not show that the train was operated in an improper or unusual manner; (6) the complaint shows appellee guilty of contributory negligence; and (7) that she assumed the risk of riding on the freight train.

The allegations of the complaint show that appellant's conductor in charge of the freight train on which the injured people were placed to be

1. taken to a hospital at Terre Haute, requested appellee to accompany them and care for the injured lady; that in pursuance of such request she entered the caboose, sat by the woman and gave her constant attention until the train was suddenly and violently stopped and appellee was thereby thrown from her chair and injured. Independent of the authority or lack of authority of such conductor under the ordinary conditions of operation to take passengers on such train, in the emergency and under the conditions shown by the complaint, when appellee entered the caboose and rode on the train, for the purpose of that trip the relation of carrier and passenger existed, and it became and was the duty of appellant to exercise the highest practical care and diligence in the operation of such train to avoid

injuring appellee and the other persons transported thereon in the caboose as alleged. *Evansville, etc., R. Co. v. Athon* (1892), 6 Ind. App. 295, 33 N. E. 469, 51 Am. St. 303; *Louisville, etc., R. Co. v. Crunk* (1889), 119 Ind. 542, 21 N. E. 31, 12 Am. St. 443; *Pittsburgh, etc., R. Co. v. Gray* (1902), 28 Ind. App. 588, 591, 64 N. E. 39; 4 Elliott, Railroads §§1579, 1580, 1581; *Indiana Union Traction Co. v. McKinney* (1906), 39 Ind. App. 86, 90, 78 N. E. 203; *Ohio, etc., R. Co. v. Craucher* (1892), 132 Ind. 275, 31 N. E. 941. The allegations which show that appellant negligently, suddenly and without any warning and with great force and violence, applied the air brakes while the train was running at a rapid rate of speed, thereby causing the train to come to a sudden and violent stop, are sufficient notwithstanding appellee was a passenger on a freight train, for the averments show a negligent and unusual stopping of the train while appellee was riding thereon at the place, in the manner, and under the conditions provided by appellant. The objections to the complaint are not well taken and it is sufficient to withstand the demurrer for insufficiency of the facts alleged. *Indianapolis Southern R. Co. v. Tucker* (1912) 51 Ind. App. 480, 486, 98 N. E. 431, and cases cited; *Louisville, etc., R. Co. v. Bisch* (1889) 120 Ind. 549, 22 N. E. 662; *Domestic Block Coal Co. v. DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

Under the motion for a new trial appellant contends that the court committed reversible error in the giving of certain instructions to the jury. It is urged that instructions Nos. 7, 9 and 17 given by the court at the request of appellee are erroneous in applying the rule of *res ipsa loquitur*, by stating in effect that if appellee was a passenger on appel-

lant's freight train and was injured while passively submitting to the regulations of the company by reason of the sudden stopping of the train, the mere happening of the accident, if proven, is at least *prima facie* evidence of negligence on the part of appellant, and casts upon the railroad company the burden of producing evidence that will excuse or overcome such *prima facie* failure of duty and in case the facts are so found from the evidence to prove that the accident could not have been avoided by the exercise of the highest practical care and diligence.     It is contended that these instructions authorized the jury to presume actionable negligence on the part of appellant from the mere happening of the accident while appellee was riding on its train, notwithstanding the accident may have occurred while the train was being operated with the highest practical care and diligence, and may have resulted wholly from the usual and necessary jarring and jerking of such trains when properly and carefully operated.     It is established law in Indiana, that when a railway company undertakes to carry passengers on freight trains it is required to exercise the highest degree of care for their safety, consistent with the usual and practical operation of such trains, and is responsible for any negligence which results in an injury to a passenger while being so carried.     The same presumptions arise in favor of the passenger when so injured on a freight train while passively submitting to the regulations of the company, as in the case of a passenger on a regular passenger train.     However, a person who becomes a passenger on a freight train, assumes the risks and inconveniences necessarily and reasonably incident to such means of transportation, when he voluntarily chooses the same, among which risks so assumed are such

sudden bumping and jerking of cars in stopping and starting, as are ordinarily and usually incident to the proper and practical operation of freight trains. *Evansville, etc., R. Co.* v. *Mills* (1906), 37 Ind. App. 598, 604, 77 N. E. 608; *Indianapolis Southern R. Co.* v. *Tucker, supra*; *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335, 345, 77 N. E. 599, 5 L. R. A. (N. S.) 425; *Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694, 707, 76 N. E. 299, 4 L. R. A. (N. S.) 1081; *Indianapolis, St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360, 369, 71 N. E. 201; *Indiana Union Traction Co.* v. *Maher* (1911), 176 Ind. 289, 294, 95 N. E. 1012, Ann. Cas. 1914 A 994.

5. Under the foregoing authorities the doctrine of *res ipsa loquitur*, applies to a passenger injured while riding on a freight train the same as when riding on a passenger train. But the passenger assumes the risks and inconveniences necessarily and reasonably incident to such transportation, when the train is properly operated and in overcoming the *prima facie* case made by proof of the accident and injury to the passenger, as alleged, the company has the benefit of the risks so assumed and can not be held liable for any injury which results from the operation of the train, if it is operated with the highest degree of care and diligence consistent with the usual and practical operation of such freight trains. This proposition was clearly expressed in instruction No. 13 given at appellee's request and in instruction No. 40 given at the request of appellant. The instructions complained of are not open to the objections urged against them and are substantially accurate statements of the law applicable to the case on trial. Furthermore, some of the instructions given the jury at appellant's request were more favorable to appellant than the law warrants for they, in effect, deprived ap-

pellee of any benefit of the *prima facie* case made by proof of the accident and injury alleged in her complaint.

Instruction No. 17 is further criticised for the alleged reason that to defeat appellee's recovery it required appellant to do more than show by the evidence that appellee had failed to make out her case by a fair preponderance of evidence, including the presumption of negligence against appellant on proof of the happening of the accident as alleged in the complaint. The instruction is not fairly subject to such interpretation, though the language in one phrase of the instruction is not the most apt to convey the meaning which is clearly expressed by the instruction considered as an entirety. Nor is the objection tenable that it gave the jury an erroneous idea of the burden of proof. *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 210, 82 N. E. 1025, 84 N. E. 14, 16 Ann. Cas. 1, 16 L. R. A. (N. S.) 527; *Indianapolis St. R. Co.* v. *Schmidt, supra.*

Instruction No. 8, is criticised on the ground that it authorized a finding against appellant without showing that the relation of passenger and carrier existed at the time of the accident; that an invitation by the conductor, or other employe, was sufficient to show that appellee was a passenger. The instruction refers to the circumstances under which appellee entered the caboose and informed the jury that if it found appellee was injured by reason of the negligence of appellant as charged in the complaint, while rightfully upon the train, without any fault on her part, it was in such event authorized to find for the plaintiff. There was evidence tending to prove that the conductor of the freight train called up the train dispatcher and got orders to bring the injured people to the hospital at Terre Haute and that in so doing

he secured appellee to care for the injured lady and placed appellee in the caboose and she sat on a chair furnished her by the conductor, and gave constant attention to the injured lady, and was attending to such duties when injured. The instruction is not objectionable for the reasons alleged, nor is it subject to the further criticism urged against it and other instructions, that they permitted the jury to go outside the issues.

The other questions discussed are, in effect disposed of by what we have said and by the decisions cited. The case seems to have been fairly tried on the merits and no intervening errors are shown which are, prejudicial to appellant. Judgment affirmed.

NOTE.—Reported in 108 N. E. 778. As to *res ipsa loquitur* doctrine, see 113 Am. St. 999. As to liability for injuries to passengers inside the car from sudden starting or stopping of train, see 34 L. R. A. (N. S.) 229. On presumption of negligence from injury to passenger, see 15 L. R. A. 33; 13 L. R. A. (N. S.) 601; 29 L. R. A. (N. S.) 808. As to who is a passenger of a carrier, see 1 Ann. Cas. 451. See, also, under (1) 6 Cyc 540, 544; (2) 6 Cyc 626; (3) 6 Cyc 591; (4) 6 Cyc 652; (5) 6 Cyc 628.