29   265
106 m 543

J. H. SMOTHERMAN, Respondent, v. ST. LOUIS, IRON
MOUNTAIN AND SOUTHERN RAILWAY
COMPANY, Appellant.

**St. Louis Court of Appeals, February 14, 1888.**

DAMAGES—CONTRIBUTORY NEGLIGENCE.—In an action for damages
caused by the plaintiff's being jarred from a caboose platform by
the concussion of cars in switching, if it appear from the plain-
tiff's own testimony that there was ample room, with sitting
accommodations, in the caboose ; that he knew that part of the
train was likely to be backed against that part to which the
caboose was attached, and that some concussion or jar was likely
to be produced in the caboose ; that he paid no attention to the
switching ; that there was no necessity for his leaving his safe and
secure seat within the caboose, to stand upon the platform, and
that the accident could not possibly have happened, had he kept
his seat ; then the plaintiff was guilty of contributory negligence,
and a demurrer to the evidence should have been sustained.

APPEAL from the Scott Circuit Court, HON. H. C.
O'BRYAN, Judge.

*Reversed.*

GEO. H. BENTON, for the appellant : The court
should have directed the jury to return a verdict for
the defendant, as requested by defendant's demurrer to
the evidence at the close of the testimony introduced by
the plaintiff. 72 Ala. 112 ; *Hickey v. Railroad*, 14
Ala. 429 ; *Railroad v. Jones*, 95 U. S. 439 ; *Quinn v.
Railroad*, 51 Ill. 495 ; *Railroad v. Hoosey*, 6 Am. &
Eng. R. R. Cases, 554, and note ; *Ginna v. Railroad*,
67 N. Y. 596 ; *Garett v. Railroad*, 16 Gray, 501 ;
*Gerstle v. Railroad*, 23 Mo. App. 361 ; *Harris v. Rail-
road*, 89 Mo. 233 ; Rev. Stat., 1879, sec. 800 ; Thompson
on Carriers of Passengers, pp. 24, 272, 234, sec. 20 ;
*Railroad v. Hazard*, 26 Ill. 373. The court should
have sustained defendant's demurrer to the evidence at

the close of the whole case. *Powell v. Railroad*, 76 Mo. 80; *Lenix v. Railroad*, 76 Mo. 86; *Railroad v. Huston*, 95 U. S. 697. Plaintiff's first instruction was erroneous, because it is misleading and ambiguous, although an effort to cover all the facts in the case. *Sullivan v. Railroad*, 88 Mo. *loc. cit.* 178; *Albert v. Besel*, 88 Mo. 150; *Strauss v. Railroad*, 75 Mo. 185; *Sweigert v. Railroad*, 75 Mo. 475. The court erred in refusing the instructions asked by the defendant and in the instruction given on its own motion. *Railroad v. Huston*, 95 U. S. 697; *Cagney v. Railroad*, 69 Mo. 424; *Zimmermann v. Railroad*, 71 Mo. 484.

WILLIAM HUNTER, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The action is one to recover damages for personal injuries sustained by plaintiff by being thrown from the platform of the caboose car of a freight train by a jar caused in switching some freight cars against the caboose. The answer is the general issue and the plea of contributory negligence. The trial before a jury resulted in a verdict for plaintiff.

The plaintiff was the only witness in his own behalf as to the cause and circumstances of the accident, and the following facts were shown by his own evidence: He had lived in the vicinity of the road for three years and had frequently traveled on local freight trains of the company. He knew that these local freight trains were engaged in taking on and leaving off cars at the different stations. He knew that when couplings are made the cars can come together without striking, but often come together with considerable force. He had seen on passenger cars of the company, printed regulations not to stand or ride on the platform. He knew that it was more dangerous to ride on the platform than in the interior of the car.

On the day of the accident, the plaintiff was traveling as a passenger from Bismarck to Blodgett in a

caboose attached to a local freight train. There was ample room in the caboose, which was furnished with sitting accommodations. When reaching the intermediate station of Mine LaMotte, the train stopped for switching purposes. The plaintiff had no business at the station, but left his seat in the caboose and went out on the platform. He paid no attention to the switching, his attention being arrested as a matter of curiosity in another direction. He attempted to step off the platform, and while in so doing one of the cars, which were being switched, struck the caboose, and the plaintiff was precipitated to the ground by the jar, receiving the injuries complained of. The jar, as plaintiff stated, was violent, and he believed the cars were not properly braked.

At the close of the plaintiff's evidence, the defendant asked the court to instruct the jury that the plaintiff could not recover. The court refused so to instruct. The defendant thereupon gave evidence tending to show that the plaintiff was repeatedly warned during the journey not to stand upon the platform, and that the switching at the station was done in a careful and customary manner.

The refusal of the court to non-suit the plaintiff is the main error complained of.

In the recent case of *Harris v. Railroad*, 89 Mo. 236, the Supreme Court declared that the following instruction embodied a correct declaration of law as applicable to the facts therein stated :

"If the jury believe, from the evidence, that plaintiff knew, or, by the exercise of ordinary care, could have known, that the train had stopped to do some switching, and, by the exercise of ordinary care, could have known that a part of the train was likely to be backed against the part to which the caboose was attached, and that some concussion or jar would likely be produced in the caboose, and that the plaintiff then, without thinking about the approach of the cars, and without paying any attention to whether the cars were

approaching or not, left his seat and stood up in the car, and was thrown down and injured, when he would not have been had he kept his seat, or resumed the same before the cars struck, then the plaintiff was guilty of such contributory negligence as bars his recovery, and the jury must find for the defendant."

In view of this ruling there can be no recovery in this case on plaintiff's own evidence. The plaintiff here admits all the facts which are hypothetically assumed in the instruction referred to. He admits that he knew that part of the train was likely to be backed against the part of the train to which the caboose was attached; he knew that some concussion or jar was likely to be produced in the caboose. He admits that he paid no attention to the switching; that there was no necessity of his leaving his safe and secure seat within the caboose; that the accident could not possibly have happened had he kept his seat. In every element, the facts of the present case are more favorable to defendant upon plaintiff's own showing, than the facts assumed in the above instruction.

It is needless to decide whether plaintiff's own evidence brings him within the provision of section 800, of the Revised Statutes, as he was fully aware of the company's regulations prohibiting his standing upon the platform. Regardless of the statute, there can be no recovery when the plaintiff's own evidence, as in this case, shows contributory negligence on his own part. *Henze v. Railroad*, 71 Mo. 636; *Powell v. Railroad*, 76 Mo. 80; *Gavett v. Railroad*, 16 Gray, 501; *Quinn v. Railroad*, 51 Ill. 495; *Railroad v. Houston*, 95 U. S. 697.

All the judges concurring, the judgment is reversed