The Louisville and Nashville Railroad Company v. Bisch.

No. 13,874.

THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY
v. BISCH.

| 120 | 549 |
|-----|-----|
| 152 | 671 |
| 120 | 549 |
| 155 | 431 |

RAILROAD.—*Freight Train.*—*Injury to Passenger.*—*Refusal to Leave Platform.* —*Assumption of Risk.*—A passenger who remains on the platform of a car at the rear end of a long freight train, after a request or order from the employees of the railroad to enter the car, voluntarily occupies a place of danger, and assumes the risk of being thrown from the car and injured by the sudden jerk of the train on being put in motion.

SAME.—*Mode of Travel Adopted.*—*Risks Incident to.*—*Passenger's Assumption of.*—Passengers assume the risks incident to the means of transportation adopted, and one who takes passage on a freight train, although with a caboose attached, must take notice of the character of the train and use such ordinary care to avoid injury as the nature of the mode of travel will admit; one of the risks to be guarded against being that arising from the sudden jerk of the train on starting, due to the taking up of slack between the cars.

SAME.—*Direction of Company's Employees.*—*Passenger's Observance of.*—*Resulting Injury.*—*Carrier's Liability.*—A passenger is justified, as a general rule, in obeying the directions of the employees of the carrier, and if he receives injury in obeying them, the carrier is liable, even if it appears that if the passenger had not obeyed he would have escaped injury.

SAME.—*Instruction.*—*Carrier's Liability.*—*Erroneous Statement of.*—An instruction which states in substance that notwithstanding the warning given to the passenger, and his disobedience of the same, he would be entitled to recover, if the conductor of the train, at the moment of giving the signal to start, saw the passenger in a position which the conductor knew to be dangerous, and without giving him a reasonable time to enter the car, and by a sudden jerk in starting the cars the passenger was injured, is erroneous.

From the Warrick Circuit Court.

*J. M. Shackelford* and *S. B. Vance*, for appellant.

*G. F. Denby, D. B. Kumler, A. Gilchrist* and *C. A. De Bruler*, for appellee.

ELLIOTT, C. J.—The appellee entered a car at the rear

end of a·freight train standing on the appellant's track. He rightfully entered the car as a passenger. After remaining in the car a short time he walked out upon the rear platform, and while standing there the train was started with a sudden jerk and he was thrown to the ground and injured. There is evidence tending to prove that he was requested by the appellant's employees to leave the platform and enter the car, and that he disregarded this request or order, and remained on the platform. The evidence also shows that there were from fifteen to twenty freight cars attached to the locomotive, and there was much evidence to the effect that, because of the slack between the cars, a freight train can not be started without a jerk. The appellant, in his testimony, says: "I knew freight trains did not go as smoothly as a passenger train. If there had been no slack, there would have been no jerk."

The court instructed the jury that unless the plaintiff proved that he was not guilty of contributory negligence there could be no recovery, but there were no instructions defining contributory negligence, for all the instructions upon this subject were expressed in general terms. One of the instructions given by the court reads thus: "Even if the jury find from the evidence that the plaintiff had been warned against standing on the platform, and had been directed to go inside, and had disobeyed the instruction, still, if the jury also believe from the evidence that the conductor of the train, at the moment of giving the signal to start, actually saw the plaintiff on the rear platform of the caboose in the act of entering, or attempting to enter the caboose, and knew that he was in a dangerous position, and without giving him a reasonable time to enter, and that by a sudden jerk in starting the cars the plaintiff was thrown to the ground and injured, then the jury should find for the plaintiff." This instruction can not be rescued from condemnation.

Leaving out of consideration minor matters of objection, and placing our decision upon broad grounds, we adjudge

that the instruction is so radically wrong as to compel a reversal of the judgment. The plaintiff, by refusing obedience to the directions given him, and by voluntarily remaining in a place of danger after warning, assumed the risk of injury. The case, as it appears on the hypothesis on which the instruction proceeds, is a stronger one than the ordinary case of contributory negligence, for the plaintiff did more than carelessly seek and remain in a place of danger, for he remained there in disobedience of directions given him, and despite the warnings which he received; he, in fact, assented to the injury. The case goes beyond the operation of the rule on the subject of contributory negligence, and comes within the scope of the maxim *volenti non fit injuria*. Around the central proposition that the plaintiff voluntarily assumed the risk by remaining in a place of danger in disobedience of directions and warnings, may be grouped various subsidiary doctrines which fortify and strengthen it.

A passenger is justified, as a general rule, in obeying the direction of the employees of the carrier, and if he receives injury in obeying them, the carrier is liable, even if it appears that if he had not obeyed he would have escaped injury. *Cincinnati, etc., R. R. Co.* v. *Carper,* 112 Ind. 26, 29; *Louisville, etc., R. R. Co.* v. *Kelly,* 92 Ind. 371 (47 Am. Rep. 149); *Terre Haute, etc., R. R. Co.* v. *Buck,* 96 Ind. 346; *Lake Erie, etc., R. W. Co.* v. *Fix,* 88 Ind. 381; *Pennsylvania Co.* v. *Hoagland,* 78 Ind. 203; *Pool* v. *Chicago, etc., R. W. Co.,* 53 Wis. 657; *Hanson* v. *Mansfield R. W., etc., Co.,* 38 La. Ann. 111 (58 Am. Rep. 162); *Filer* v. *New York, etc., R. R. Co.,* 59 N. Y. 351; *St. Louis, etc., R. R. Co.* v. *Cantrell,* 37 Ark. 519 (40 Am. Rep. 105); *Fowler* v. *Baltimore, etc., R. R. Co.,* 18 West Va. 579; *Hickey* v. *Boston, etc., R. R. Co.,* 14 Allen, 429; *Railroad Co.* v. *Aspell,* 23 Pa. St. 147 (62 Am. Dec. 323); *Indianapolis, etc., R. R. Co.* v. *Horst,* 93 U. S. 291; *Lake Shore, etc., R. R. Co.* v. *Brown,* 123 Ill. 162 (5 Am. St. Rep. 510). If the passenger may safely obey such directions, it must be for the reason that it is his duty to do so, and it

follows that if he refuses to do so he is guilty of a breach of duty. One who is himself guilty of a breach of duty, and wrongfully remains in a place of danger, can not recover if that wrong was the proximate cause of his injury, although another may have also been in fault. To authorize a recovery the case must be one " of unmixed negligence." This case strikingly illustrates this rule, for, had the plaintiff entered the car, as it was his duty to do, the injury would not have befallen him. Clearly, then, his own wrong was the proximate cause of his misfortune. Sullivan v. Philadelphia, etc., R. R. Co., 30 Pa. St. 234.

Not only did the plaintiff, upon the theory on which the instruction is constructed, disobey a direction given him, but he remained in a place of danger where he ought not to have remained even if he had not been warned and directed to leave it. There are very many decisions which affirm that one who remains on the platform of a train about to move or which is in motion, although it is a regular passenger train, is, in the absence of explanatory circumstances, guilty of such negligence as will bar a recovery. Secor v. Toledo, etc., R. R. Co., 10 Fed. Rep. 15; Blodgett v. Bartlett, 50 Ga. 553; Camden, etc., R. R. Co. v. Hosey, 99 Pa. St. 492; Hickey v. Boston, etc., R. R. Co., 14 Allen, 429; Willis v. Long Island, etc., R. R. Co., 34 N. Y. 670; Smotherman v. St. Louis, etc., R. W. Co., 29 Mo. App. 265. But we do not decide whether these decisions declare the law correctly or not; it is sufficient for our purpose, and for this case, to affirm that a passenger who remains on the platform of a car at the rear end of a long train of freight cars, after warning to leave it, does voluntarily occupy a place of danger. We confine our decision to the case of one riding on a freight train, since that is all the case presented by the record requires. There is, it is our duty to say, a difference between freight trains and regular passenger trains. Passengers assume the risks incident to the means of transportation they adopt, and one who takes passage on a freight train, al-

though it has a caboose attached for the transportation of passengers, must take notice of the character of the train and use such ordinary care to avoid injury as the nature of the mode of transportation renders prudent.   *Woolery* v. *Louisville, etc., R. W. Co.*, 107 Ind. 381 ; *Wallace* v. *Western, etc., R. R. Co.*, 98 N. C. 494 (2 Am. St. Rep. 346) ; *Harris* v. *Hannibal, etc., R. R. Co.*, 89 Mo. 233 (58 Am. Rep. 111) ; *Murch* v. *Concord, etc., R. R. Co.*, 29 N. H. 9 (61 Am. Dec. 631) ; *Galena, etc., R. R. Co.* v. *Fay*, 16 Ill. 558 (63 Am. Dec. 323).   One of the risks which ordinary prudence requires a passenger on the caboose of a freight train to guard against is that arising from the sudden jerk of the train on starting resulting from the taking up of the slack between the cars.   This is a matter of common knowledge of which an adult has no right to be ignorant, and with this knowledge he has no right to put himself in a position where it is probable that he will be thrown from the car when the train is put in motion.   In this instance the plaintiff, having remained in such a position heedless of warning and in disobedience of instructions, has no cause of action.   In assuming that upon the hypothetical case stated in the instruction, he might recover, notwithstanding his own wrong, a fatal error was committed.

Judgment reversed.

Filed Nov. 1, 1889.