# PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* WISE.

[No. 5,215.   Filed June 27, 1905.]

1. TRIAL. — *Motion to Make Specific.* — *Railroads.* — *Fires.* — A paragraph of complaint, alleging that the defendant railroad company negligently suffered a large accumulation of dry grass, weeds and other combustible matter to remain upon its right of way, thereby causing fires to escape to plaintiff's farm, is sufficiently specific.  p. 62.

2. NEGLIGENCE.—*Railroads.*—*Combustibles on Right of Way.*—It is not negligence *per se* for a railroad company to permit combustible material to be on its right of way.  p. 62.

3. TRIAL.—*Motion to Make Specific.*—*Railroads.*—*Fires.*—A paragraph of complaint, alleging that defendant railroad company negligently failed to provide its locomotive with a safe and sufficient spark-arrester; that the meshes were too loose and by reason thereof plaintiff's meadow was burned, is sufficiently specific.  p. 64.

4. PLEADING.—*Complaint.*—*Railroads.*—*Setting Fires.*—A complaint, alleging that defendant railroad company negligently permitted combustibles to accumulate and remain on its right of way and negligently permitted the fire to escape therefrom to plaintiff's farm, causing damage, is sufficient.   p. 64.

5. SAME. — *Complaint.* — *Railroads.* — *Setting Fires.* — A paragraph of complaint, alleging that defendant railroad company negligently operated its locomotive with a spark-arrester containing meshes so wide as to permit large coals to escape therefrom and by reason thereof plaintiff was damaged, is sufficient.   p. 64.

6. TRIAL. — *Instructions.* — *Railroads.* — *Fires.*—An instruction, that if large coals escaped from defendant's locomotive and were carried to plaintiff's land, thereby causing damage as alleged in either paragraph of the complaint, defendant is liable, is erroneous, where one paragraph was for negligence in permitting combustibles on its right of way and thus causing fire to escape to plaintiff's land.   p. 66.

7. SAME.—*Instructions.*—*Railroads.*—*Fires.*—*Permitting Jury to Determine Law.*—An instruction, in an action for the negligence of a railroad company in setting fires, that the jury should determine from all the facts and circumstances whether defendant "has been guilty of that want of care required by the law," is erroneous where such jury was not instructed what degree of care the law requires.   p. 67.

From Howard Superior Court; *B. F. Harness,* Judge.

Action by Henry Wise against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $567.50, defendant appeals. *Reversed.*

*George E. Ross,* for appellant.
*Strange & Thompson, Kirkpatrick & Morrison* and *Dan Dilla,* for appellee.

ROBINSON, J.—Action by appellee for damages to property by fire alleged to have been caused by appellant's negligence.

Appellant first argues that the court erred in overruling its motion to make the second and third paragraphs of complaint more specific.

The second paragraph avers that on July 31, 1901, appellant was operating a locomotive and freight-train on its right of way through appellee's farm; that on that day, and for a long time prior thereto, there was a large accumulation of dry grass, weeds and other combustible matter on appellant's right of way through appellee's premises, which appellant had been negligently suffering to accumulate at such places, and was at the time negligently suffering and permitting such accumulations to remain, and, while so remaining on the above date, "carelessly and negligently ran an engine or locomotive adjacent to and alongside such accumulation, which engine was then and there so negligently, carelessly and insufficiently constructed and equipped in this, to wit: that the meshes in the spark-arrester in use were too large, and insufficient to prevent the escape of sparks and live coals therefrom, and by reason of said spark-arrester and meshes thereof being old, worn and in a broken and burned condition, and then and there so carelessly managed and operated by the defendant in this, to wit: by supplying too much fuel and putting on too much steam, and opening the draft, and by suddenly increasing the speed of said train, and by running said train too fast; that by reason thereof it emitted and threw out live sparks and coals of fire, which alighted upon and set fire to said accumulation of combustible matter, and the fire so started by and through the negligence and carelessness of defendant did escape and communicate with the field, and set fire to the grass and growing clover," destroying the same.

The third paragraph avers that appellant "negligently failed to have its said locomotive provided with a safe and sufficient spark-arrester and other appliances essential to prevent the dangerous escaping of live sparks and coals therefrom, in this: that the meshes in the spark-arrester in use were too large and insufficient to prevent the escaping of sparks and live coals therefrom;" that on the date named

the locomotive was "so negligently and carelessly and insufficiently constructed and equipped, by said meshes being too large, and by reason of the old, worn, broken and burned condition of such spark-arrester, and meshes, which engine was then and there so negligently managed and operated by the defendant, in this, to wit: by supplying too much fuel and putting on too much steam and opening the drafts and by suddenly increasing the speed of said train and by running said train too fast; that, by reason of such condition, construction and operation, it emitted and threw out live sparks and coals of fire of unusually large size, character and quantity, which were carried a great distance to the plaintiff's premises, and falling thereon, upon and among the dry grass and stubble in plaintiff's meadow field, clover field, and stubble field and timothy field," set fire to the same, which fire rapidly spread, consuming certain property described.

The second paragraph is sufficiently certain and definite as to the extent of the accumulation of dry grass, weeds and other combustible matter, and also as to the time during which it had been permitted to be and remain upon the right of way. The pleading states that there was a large accumulation of such matter, and that, for a long time prior to the fire, appellant had negligently suffered it so to remain. It is not negligence *per se* to permit combustible matter to be on the right of way. But the averment is much broader than this. The averment is that there was a large accumulation, which had been negligently suffered to remain for a long time prior to the fire, during the hot season of the year. It is also averred that this material on the right of way was ignited by sparks and coals of fire from a passing locomotive, and that the fire, by and through appellant's negligence and carelessness, escaped and communicated with appellee's property. "If a railroad company," said

the court in *Louisville, etc., R. Co.* v. *Hart* (1889), 119 Ind. 273, 4 L. R. A. 549, "negligently and carelessly permits grass and other combustible matter to accumulate upon its right of way, and fire is emitted from one of its passing locomotives and falls upon the grass or combustible matter that has been allowed to accumulate from want of proper care on its part, and the fire spreads and passes over upon the lands of the adjoining proprietor and burns and consumes his property, he being guilty of no negligence contributing to the injury, the railroad company is liable for the loss sustained." See *Pittsburgh, etc., R. Co.* v. *Hixon* (1887), 110 Ind. 225; *Indiana, etc., R. Co.* v. *Overman* (1887), 110 Ind. 538.

The gravamen of the second paragraph of complaint is the negligent escape of the fire from the right of way. "This may be established," said the court in *Ohio, etc., R. Co.* v. *Trapp* (1892), 4 Ind. App. 69, "by showing that the defendant omitted to adopt prudent means to prevent its escape, or that through his carelessness the surroundings were permitted to be such that the escape of the fire was the ordinary sequence of its setting out." See *Louisville, etc., R. Co.* v. *Nitsche* (1890), 126 Ind. 229, 9 L. R. A. 750, 22 Am. St. 582.

It was appellant's duty to keep its right of way reasonably clear and free from combustible material which might serve as a medium to communicate fire to adjoining property. Under the averment that appellant negligently and carelessly permitted the fire to escape from its right of way, it need not necessarily be shown that appellant omitted to adopt prudent means to prevent its escape after the fire started; but it might be shown under that averment that the accumulation of material on the right of way extended up to appellee's property, so that its communication to appellee's property would be the natural and probable consequence of its burning upon the right of way. *Ohio, etc., R.*

*Co.* v. *Trapp, supra; Brummit* v. *Furness* (1891), 1 Ind. App. 401, 50 Am. St. 215; *Louisville, etc., R. Co.* v. *Nitsche, supra.*

It can not be said that an averment that appellant negligently and carelessly permitted the fire to escape from its right of way is pleading negligence in general terms. Negligence may be inferred from facts and circumstances shown in evidence, and it is not necessary to plead all the facts and circumstances from which this inference may be drawn. *Chicago, etc., R. Co.* v. *Barnes* (1891), 2 Ind. App. 213.

Without repeating the averments of the third paragraph of complaint, we think it avers with sufficient certainty and definiteness the negligence of appellant in the construction and equipment, and in the management and operation of the locomotive. There was no error in overruling the motion to make the second and third paragraphs of complaint more specific.

There was no error in overruling the demurrers to the second and third paragraphs of complaint. The second paragraph proceeds upon the theory that appellant was negligent in permitting combustible material to be and remain upon its right of way, which material was set on fire by one of appellant's locomotives, and that appellant negligently permitted the fire to escape from its right of way to appellee's premises. See *Louisville, etc., R. Co.* v. *Hart, supra; Wabash R. Co.* v. *Schultz* (1903), 30 Ind. App. 495; *White* v. *New York, etc., R. Co.* (1895), 142 Ind. 648; *Pittsburgh, etc., R. Co.* v. *Indiana Horseshoe Co.* (1900), 154 Ind. 322; *Cleveland, etc., R. Co.* v. *Hadley* (1895), 12 Ind. App. 516.

In the third paragraph the defective condition of the spark-arrester on the locomotive, together with the alleged negligent manner in which the locomotive was operated at the time, causing it to throw sparks and coals of fire upon appellee's premises, formed the basis of the action.

At the request of appellee the court gave, among others, the following instructions: "(1) The court instructs you that while it is necessary for the plaintiff, in order to recover in this action, to establish by a fair preponderance of the evidence that the defendant did something which it ought not to have done, or omitted to do something which it should have done, the doing or omission of which caused the fire to escape and do the injury complained of in at least one paragraph of the complaint, that it is not necessary to establish such fact by direct or positive evidence. The jury, in determining whether the defendant is guilty of negligence as charged in either paragraph of the complaint, may take into consideration all the facts and circumstances in evidence in the case tending to establish negligence as charged therein. In case you find from the evidence that the fires, or any of them complained of, were caused by sparks or coals of fire escaping from defendant's engine or engines, then you may take into consideration, in determining whether defendant was negligent in permitting the same to escape, the number of fires, if any, started at such time upon plaintiff's premises by reason thereof, the size and number of sparks emitted from such engine, if shown by the evidence, together with the distance such sparks were thrown or carried, if shown by the evidence; also the rate of speed of such engine, the amount of steam being used at the time, the draft that was permitted to escape through the spark-arrester, the manner in which such engine was being operated at the time, if such facts are disclosed by the evidence, with all the other facts and circumstances in evidence in the case. You should review and consider all the evidence before you in the cause tending to show the construction and condition of the spark-arrester then used in such engine, and also review and consider all the evidence before you in the cause tending to show the actual conduct of the defendant's servants and employes in the management and operation of such engine at such time.

And from a view of all the facts and circumstances in evidence you will determine and say whether the defendant has been guilty of that want of care required by the law, or not. (2) If you find that it is established by the preponderance of the evidence in this case that sparks of unusual size and number escaped from defendant's engine at the time complained of, and that the same were carried an unusual distance, taking into consideration the condition of the wind and the weather at the time, and also that a number of fires were started in different places thereby upon the plaintiff's premises, and that injury resulted therefrom as charged in the complaint, or either paragraph thereof, then the court instructs you that the jury may infer negligence in setting fire to such premises from such facts."

As already stated the negligence charged in the second paragraph of complaint was permitting combustible material to be and remain upon the right of way, which material was set on fire by a locomotive, and the fire permitted to escape to appellee's premises; while in the third paragraph the negligence charged is the defective condition of the spark-arrester, and the manner in which the locomotive was operated at the time, causing it to throw sparks and coals of fire upon appellee's premises. In the second paragraph it was immaterial how the combustible matter was set on fire, if the fire, by means of the combustible material, was negligently permitted to escape from the right of way to appellee's premises; and under the third paragraph the accumulation of combustible material on the right of way was immaterial, as the fire is charged to have been started upon appellee's premises. Whether sparks of unusual size and number escaped from the engine, and, being carried an unusual distance, started a number of fires in different places upon appellee's premises, is not within the issue tendered by the second paragraph of complaint, but the second instruction expressly makes these conditions applicable to either paragraph of the complaint. An in-

struction should be relevant to the issue and applicable to the evidence. See *Pennsylvania Co.* v. *Ebaugh* (1896), 144 Ind. 687; *Pelley* v. *Wills* (1895), 141 Ind. 688; *Myers* v. *Moore* (1891), 3 Ind. App. 226; *Lake Erie, etc., R. Co.* v. *Ziebarth* (1893), 6 Ind. App. 228; *Spades* v. *Murray* (1891), 2 Ind. App. 401; *Shirk* v. *Mitchell* (1894), 137 Ind. 185; *Goodbar* v̇. *Lidikey* (1893), 136 Ind. 1, 43 Am. St. 296.

The concluding part of the first instruction—"And from a view of all the facts and circumstances in evidence you will determine and say whether the defendant has been guilty of that want of care required· by ·the law"—is erroneous. The court did not, in any· instruction given, tell the jury the care which the law enjoined upon appellant. The instruction leaves the jury to determine not simply a question of fact, but also a question of law. The duty owing from appellant to appellee was clearly a question of law, but the instruction requires the jury to find what that duty was, and also whether such duty had been neglected to appellee's injury. After a careful reading of the evidence in this case, we can not say that these instructions were harmless.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.