NOVEMBER TERM, 1910. 315

United States, etc., Paper Co. *v.* Landers—47 Ind. App. 315.

## UNITED STATES BOARD AND PAPER COMPANY
## *v.* LANDERS.

[No. 6,944. Filed December 14, 1910. Rehearing denied March 16, 1911.]

1. MASTER AND SERVANT.—*Fellow Servants.—Who Are.*—Where employes of a firm engaged in the manufacture and repair of boilers were sent to the plant of a manufacturing company to repair its boilers, under instructions to do what was necessary to repair such boilers, they did not become fellow servants of the employes of the manufacturing company although they worked together. p. 316.

2. MASTER AND SERVANT.—*Fellow Servants.—Who are.—Test.*—Employes, to be fellow servants, must be servants of the same master; and the test of who is the master is ordinarily determined by ascertaining who has power of control and discharge. p. 316.

3. MASTER AND SERVANT.—*Negligence.—Safe Place.—Control of Servant.*—Where a boiler repairer entered a boiler which was connected with other boilers, and the steam valve was safely adjusted when he entered, the valve being on the inside of the boiler, and there was no evidence that the company or its servants turned the valve, a verdict in such repairer's favor for damages caused by escape of steam into the boiler, is not sustained. Comstock and Hadley, JJ., dissent. p. 317.

From Rush Circuit Court; *Elmer J. Binford,* Special Judge.

Action by Bartholomew Landers against the United States Board and Paper Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John W. Kern, Watson, Titsworth & Green* and *Henley, Matson & Gates,* for appellant.

*Douglas Morris, Henry N. Spaan, Joseph B. Kealing* and *Martin M. Hugg,* for appellee.

ROBY, C. J.—Appellee recovered judgment in the trial court for $1,200 for damages caused by personal injuries alleged to have been caused by the negligence of appellant. The disposition of the appeal depends (1) upon whether the relation of master and servant existed between the parties,

or whether appellee was a common servant with appellant's employes, and (2) whether the facts are sufficient to sustain the finding of negligence by appellant.

Appellee was in the employ of an Indianapolis firm which made and repaired boilers, and which contracted with appellant to repair certain boilers at its plant at Carthage, Indiana. Appellee and another workman were sent to the plant to do the work, reported to the chief engineer, and were told to go to work on the boilers and do anything necessary to fix them. At the time appellee was injured he was doing this work.

1.

The test by which appellant's first point must be judged is stated by the text-writers substantially as follows: Nearly all the definitions of fellow servants given in the books make it essential to the relation that they shall be servants of the same master. The general rule is that the servants of different masters are not deemed fellow servants within the meaning of the rule in question, although they are working together in the same common employment or in what has been called con-association. Mere coöperation or community of labor and ultimate purpose, is not enough to make them fellow servants, but they must all be under the control and direction of a common master. 4 Thompson, Negligence (2d ed.) §4917; Wood, Master and Serv. §317.

2.

Appellee was not under the control of appellant, and it had no authority to discharge him. He was in the employ of the Indianapolis firm, and it alone could discharge him. *Murray* v. *Dwight* (1900), 161 N. Y. 301, 305, 55 N. E. 901, 48 L. R. A. 673; *Wabash, etc., R. Co.* v. *Farver* (1887), 111 Ind. 195, 60 Am. St. 696; *New Albany, etc., Rolling Mill* v. *Cooper* (1892), 131 Ind. 363; *Zimmerman* v. *Baur* (1895), 11 Ind. App. 607, 619.

These legal propositions, applied to the facts exhibited, require this point to be held against appellant.

The second point is not so easily disposed of. There were

four boilers at appellant's plant. There was a mud pipe in the rear, and a pipe from the boiler to it, in which there was a valve which, when shut, prevented steam from passing from one boiler to the other. When this valve was open there was nothing to prevent steam from passing into and between all the boilers. Appellee went into boiler No. 1 on Sunday morning, with a helper, for the purpose of making the repairs. A fireman in charge of boilers No. 3 and No. 4 undertook to blow them out. This required such a pressure that if the valves on No. 1 and No. 2 were open it would drive steam into them. The valve on No. 1 was open, and appellee was scalded.

The judgment was originally affirmed on the theory that it was appellant's duty, knowing that appellee was working in boiler No. 1, not to turn on steam without knowing that the valve between it and the mud pipe was shut. The general duty is as thus stated; but it affirmatively appears that the valve was closed when appellee went into the boiler, and that it was located in a manhole at the rear of the boiler through which he entered. The valve was in this manhole and within two and one-half feet of the place where appellee was at work. Any person opening and closing it from above would have to enter the manhole, and would be in easy view of those inside. When appellee entered the boiler the valve was shut and the boiler was a perfectly safe working place. He was notified that he must keep the valve shut. He opened the valve to let water out of the boiler, and after this had been done closed it. The manner in which it came to be open is entirely unexplained, and there was a sharp conflict of evidence between appellee and the helper as to whether he closed it. Appellee failed to show in any way that the valve was opened by appellant or any of its servants. The only theory on which it is possible to affirm the judgment is the one heretofore adopted, by which the duty was placed upon appellant to know that the valve was shut before blowing the other boiler. It had, however, turned over the boiler in

a safe condition with the valve shut, had notified appellee to keep it shut, the valve was in his plain view and under his control, and we are persuaded that it ought not to be held responsible for the opening of the valve, without evidence in some way tending to show that it was opened by some person in its service.

Judgment reversed and cause remanded, with instruction to sustain appellant's motion for a new trial.

Myers, Watson and Rabb, JJ., concur.

Hadley, P. J., and Comstock, J., dissent upon the ground that the judgment can be reversed only by weighing the evidence.