## INDIANAPOLIS SOUTHERN RAILROAD COMPANY v. TUCKER.

[No. 7,626. Filed May 16, 1912. Rehearing denied. Transfer denied November 27, 1912.]

1. NEGLIGENCE. — *Complaint.* — *Allegations.* — *Sufficiency.* — *Evidence.*—A complaint charging that certain acts were negligently done to the injury of complainant, is sufficient to withstand a demurrer, if a legal duty and the violation thereof are shown; and under such averments proof is admissible to show the alleged negligent acts and their relation to the injury charged. p. 485.

2. CARRIERS.—*Carriage of Passengers.*—*Transportation in Box-Car.*—*Complaint.*—A complaint for personal injuries, against a railroad company, alleging that defendant accepted from plaintiff a certain horse for shipment, and at the same time accepted plaintiff as a passenger on its railroad, and in the box-car with the horse, and received from him the usual fare therefor, shows that plaintiff was a passenger for hire. p. 486.

3. CARRIERS.—*Carriage of Passengers.*—*Transportation in Box-Car.*—*Care Required.*—While one, who is a passenger on a freight train, assumes the risks and inconvenience necessarily and reasonably incident to being carried by that method, he does not assume the risk of injury resulting from negligently handling the car in which he is riding, but the railroad company must exercise the highest degree of care for his safety consistent with the usual and practical operation of such trains. p. 486.

4. CARRIERS.—*Carriage of Passengers.*—*Transportation in Box-Car.*—*Injury to Passenger.*—*Complaint.*—Allegations in a complaint against a railroad company by a passenger for injuries received while riding in a box-car with a horse he was transporting, that defendant negligently, violently and with great force shoved and pushed the car, in which plaintiff was riding, into and against a

Indianapolis Southern R. Co. *v.* Tucker—51 Ind. App. 480.

locomotive standing on the track, by reason of which plaintiff was violently thrown to the car floor and injured, show an act of switching out of the usual and ordinary mode, and tend to support the general allegation of negligence.  p. 487.

5.  APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.—*Where a cause was tried on one paragraph of a complaint, error, if any, in ruling on a demurrer to another paragraph was harmless.  p. 487.

6.  TRIAL.—*Answers to Interrogatories.— Effect.—* An answer of "we don't know" to an interrogatory pertinent to the issues is uncertain and without effect.  p. 488.

7.  CARRIERS.—*Injury to Passengers.—Verdict.—*Where, in an action by a passenger against a railroad company for personal injuries, the complaint alleged that plaintiff was thrown violently forward in the car in which he was riding, down upon the floor and against the side and end of such car, whereby he received various alleged injuries, a general verdict for plaintiff includes a finding that he received all the injuries alleged in the manner stated in the complaint.  p. 488.

8.  CARRIERS.—*Injury to Passengers.—Verdict.—Answers to Interrogatories.—*In an action by a passenger against a railroad company for personal injuries, where the complaint alleged that plaintiff, who was riding in a box-car with a horse which he was having transported, was thrown violently to the floor and against the side and end of the car, whereby he received various alleged injuries, the jury's answer, "we don't know," to an interrogatory asking whether plaintiff was injured by the door of defendant's car or by his own horse, even if considered as showing anything, is not the equivalent of saying generally. that the jury did not know how plaintiff was injured, and neither such answer nor the jury's further answer that it did not know if plaintiff's hand was injured by the closing of the door, is inconsistent with a general verdict for plaintiff.   p. 489.

9.  CARRIERS.—*Injury to Passengers.—Verdict.—Answers to Interrogatories.—*In a passenger's action against a railroad company for personal injuries, where the complaint alleged an injury to plaintiff's hand and also alleged various other injuries, the jury's answer to an interrogatory, that there was no evidence to show how plaintiff's hand was injured, is insufficient to overcome the general verdict for plaintiff, in the absence of a showing that the jury considered the injury to the hand in the assessment of damages.  p. 489.

10.  TRIAL.—*Verdict.—Presumptions.—Answers to Interrogatories.*—Where facts found by the jury in answer to interrogatories are such only as to preclude a recovery on one branch of a case, and no facts are found which preclude a recovery on another

branch, it will be presumed that the jury based its verdict on that branch wherein the answers are not inconsistent with the general verdict. p. 490.

11. CARRIERS.—*Injury to Passengers.—Verdict.—Answers to Interrogatories.*—In a passenger's action against a railroad company for personal injuries, where the complaint alleged an injury to plaintiff's hand and also alleged various other injuries, and there was no dispute at the trial on the proposition that his hand was found in the mangled condition alleged, answers by the jury that there was no evidence showing how his hand was injured, is not in irreconcilable conflict with the general verdict for plaintiff. p. 490.

12. CARRIERS.—*Injury to Passengers.—Passenger Riding in Box-Car.—Instructions.*—In an action for injuries to plaintiff while riding as a passenger for hire in a box-car with a horse which he was having transported, instructions as to the duty of a common carrier, as applied to persons on regular passenger trains, and instructions stating that a railroad company is not bound to furnish a passenger on a freight train the conveniences of a passenger train, that such passenger is presumed to know the way freight trains are ordinarily operated, that he assumes the risk ordinarily incident to riding on such freight train, and mentioning perils necessarily incident to traveling in a freight car, and stating that plaintiff could not recover for injuries caused by perils necessarily incident to the operation of the car on which he was riding, when considered together, fully and correctly stated the law applicable to the case. pp. 491, 492.

13. CARRIERS. — *Carriage of Passengers. — Passenger on Freight Car.—"Caretaker."*—Where the shipper of a horse paid his fare as a passenger and was allowed to ride in the car with the horse, with the knowledge and acquiescence of those in charge of the train, he was in practically the same situation as a caretaker of stock in shipment, and does not assume the risk incident to negligence in the management of the train. p. 492.

14. APPEAL.—*Review.—Refusal of Instructions.*—The refusal of a requested instruction is not error, where its substance and meaning were embraced in an instruction given. p. 492.

15. CARRIERS.—*Injury to Passengers.—Passenger on Freight Car.—Instructions.—Refusal.*—In an action for injuries to a passenger on a freight car, an instruction that if he had been warned to stay away from the door of the car because it was a place of danger, and that, after being so warned, he remained by said door and was injured thereby, the finding should be for defendant, was properly refused, since it precluded any recovery for any other injuries which he may have received through defendant's negligence and in no way contributed to or caused by his

Indianapolis Southern R. Co. *v.* Tucker—51 Ind. App. 480.

remaining at the door, and also precluded recovery even though the injury caused by remaining at the door may not have been alleged in the complaint as a basis of recovery.  p. 493.

16.  TRIAL.—*Instructions.—Consideration.*—Instructions are to be considered as a whole, and not in detached parts.  p. 493.

17.  CARRIERS.—*Carriage of Passengers.—Passenger in Stock Car. —Right to be Carried to Stockyards.—Jury Question.*—In an action for injuries to plaintiff while riding as a passenger in a freight car with a horse he was having transported, the question whether he was entitled to ride to the stockyards where the horse was to be unloaded, or was bound to alight at the passenger station, was for the jury to determine.  p. 494.

18.  TRIAL.—*Recovery by Plaintiff.—Evidence.*—It is not incumbent on a plaintiff to prove his case by any particular kind or class of evidence, but to support a verdict in his favor he must produce some evidence to sustain each material allegation of his complaint.  p. 495.

19.  APPEAL.—*Review.—Evidence.—Findings.*—Where, from all the facts and circumstances proven in the case, the inference may be drawn that plaintiff was injured in the manner alleged, and the jury has so found, the finding and judgment will not be disturbed on appeal on the ground of insufficient evidence.  p. 495.

20.  EVIDENCE. — *Expert Witnesses. — Examination of Injuries.* — Questions to medical men as to what they saw when examining plaintiff's injuries were proper, and the testimony elicited was competent.  p. 495.

21.  EVIDENCE.—*Res Gestae.—Expressions of Pain.*—The testimony of a physician attending plaintiff for his injuries, as to plaintiff's expressions of pain, is competent, regardless of whether such expressions were made before or after suit is begun.  p. 496.

22.  EVIDENCE.—*Res Gestae.—Expressions of Pain.*—Evidence of expressions of present pain is not objectionable on the ground of hearsay.  p. 496.

23.  EVIDENCE.—*Expressions of Pain.—Exact Words.*—The exact words of the person whose expressions of present pain are called for in evidence need not be given, and a slight departure from the rule admitting such testimony is not sufficient cause for reversal.  p. 496.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Action by George L. Tucker against the Indianapolis Southern Railroad Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*James E. Kepperley, Edgar A. Brown* and *Frank Miller,* for appellant.

*Robert M. Miller, H. C. Barnett* and *Oral S. Barnett,* for appellee.

FELT, C. J.—Appellee brought this action to recover damages for personal injuries sustained by him while riding in a box-car, with a stallion which was being transported therein over appellant's railroad. The cause was tried by a jury, which returned a verdict in favor of appellee in the sum of $5,000, together with answers to interrogatories. Appellant's motions for judgment in its favor on the answers to the interrogatories and for a new trial were overruled, and this appeal taken.

The first question presented by appellant's assignment of errors is the sufficiency of the first paragraph of appellee's complaint. Omitting the formal parts, showing that appellant is a common carrier of passengers and freight, the first paragraph avers, in substance, that on November 4, 1908, appellant, as such common carrier, accepted from appellee at New Bargersville, Indiana, a certain horse for shipment from said point to the city of Bloomington, Indiana; that at the same time appellant accepted appellee as a passenger on said railroad and in the same box-car with said horse, and received from appellee the usual fare therefor; that when near the place of destination appellant, through its agents and employes in charge of the train, did "then and there disconnect and uncouple said car in which appellee was so riding from the engine drawing the same and all the other cars composing such train, except a certain car which was then heavily loaded with saw logs, which latter car was attached to and coupled with the said box-car in which appellee was so riding, and appellee alleges that while said two cars were so attached to each other and detached from the engine and the other cars composing said train, appellant did, through its agents and employes, negligently and carelessly, violently and with great force, start, hurl, shove and push forward, on

said track, said two cars so coupled together, on and down the said track of appellant, and did then and there negligently and carelessly, shove and push, with great force and violence the said car so loaded with saw logs so attached to the one in which appellee was so riding into and against a certain locomotive engine, belonging to appellant, then and there standing and located on the said railroad track of appellants''; that the collision and sudden stopping of the car in which appellee was riding threw him violently forward and down on the car floor and against the side and end of said car, and ''by reason thereof and whereby'' he was so injured, etc.

Appellant asserts that this paragraph of complaint is insufficient because (1) it fails to show that the alleged ''injury was the result of defendant's negligence''; (2) that plaintiff was not shown to be a caretaker, but a voluntary passenger for hire on a freight train; that he thereby assumed the risks incident to such mode of conveyance, among which are those of switching; that the occurrence alleged to have caused appellee's injury is not shown to have been other than one of the ordinary happenings in the switching of freight cars, and was therefore not due to any negligence of appellant; (3) that appellant does not come within the rule where negligence may be inferred from the alleged occurrence and injury.

1. By numerous decisions of this court and our Supreme Court, it has been declared that a complaint charging that certain acts were negligently done to the injury of the complainant, is sufficient to withstand a demurrer if a legal duty and the violation thereof are shown, and that under such averments proof is admissible to show the alleged negligent acts and their relation to the injury charged in the complaint. *Lake Erie, etc., R. Co.* v. *Fike* (1905), 35 Ind. App. 554, 560, 74 N. E. 636; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 150, 73 N. E. 91;

*Boyce* v. *Fitzpatrick* (1881), 80 Ind. 526; *Pittsburgh, etc., R. Co.* v. *Wise* (1905), 36 Ind. App. 59, 64, 74 N. E. 1107.

The first paragraph of complaint shows that appellee was a passenger for hire on appellant's freight train, and that appellee undertook to convey him in the box-car with the horse he was shipping from Bargersville, Indiana, to the stockyards in or near the city of Bloomington, Ind. *Chicago, etc., R. Co.* v. *Hostetter* (1908), 171 Ind. 465, 84 N. E. 534. The rule applicable to a passenger on a freight train was well stated in *Woolery* v. *Louisville, etc., R. Co.* (1886), 107 Ind. 381, 385, 8 N. E. 226, 57 Am. Rep. 114, as follows: ''Where a person becomes a passenger on a freight train, he assumes the risks and inconvenience necessarily and reasonably incident to being carried by the method which he voluntarily chooses. It is, however, the duty of the railway company, when it undertakes to carry passengers on freight trains, to exercise the highest degree of care for their safety, consistent with the usual and practical operation of such trains, and it is responsible for any negligence which results in injury to a passenger, while being so carried. The same presumptions arise in favor of a passenger, who is injured on a freight train while passively submitting to the regulations of the company, in respect to such trains, as in the case of a passenger on any other train.'' See, also, *Louisville, etc., R. Co.* v. *Bisch* (1889), 120 Ind. 549, 552, 22 N. E. 662; *New York, etc., R. Co.* v. *Doane* (1888), 115 Ind. 435, 439, 17 N. E. 913, 1 L. R. A. 157, 7 Am. St. 451; *Pittsburgh, etc., R. Co.* v. *Hall* (1910), 46 Ind. App. 219, 90 N. E. 498, 91 N. E. 743.

Among the risks assumed by appellee as such passenger were those of the sudden bumping or jerking of the cars in stopping, starting and switching in the usual and ordinary way of handling freight trains. But applying the rule as stated to the facts of this complaint, it does not appear that the hazard necessarily assumed by appellee included the

risk of having the car containing his horse, and in which he was riding, "negligently and carelessly, violently and with great force" shoved and pushed down the track "into and against a certain locomotive engine" standing on the track.

Holding appellee to an assumption of the ordinary risks of a passenger on a freight train, and considering the fact that the complaint charges that appellant accepted

4.  him as a passenger in the box-car with the horse, the averments show something more than an ordinary act of switching. The law requires a railroad company, when switching as well as when running its trains, to exercise the highest degree of care for the safety of its passengers consistent with the reasonable and practical operation of such trains.

An act of switching done in the manner described in the complaint cannot be held to be the usual and ordinary mode of switching cars so loaded as in this instance. Specific averments of facts may be sufficient to overcome the general charge of negligence, but here the facts and circumstances alleged tend to support, rather than lessen, the force of the general allegations of negligence.

The first paragraph of complaint is sufficient as against the demurrer. The question on the motion to make the complaint more specific is not discussed, and is therefore waived.

Appellant and appellee both state that the case

5.  was tried on the first paragraph of complaint, and this makes it unnecessary to consider the demurrer to the second paragraph, for the error, if any, in the ruling thereon is harmless.

Appellant contends that the answers to certain interrogatories cannot be reconciled with the general verdict. The jury by its answers found that the door on the east side of the car, in which appellee was riding, opened easily, and he was told to stay away from it; that the door was partly

open just before the accident, and appellee was standing near the door when the accident occurred; that appellee paid his fare from Bargersville to Bloomington, Indiana; that the train stopped at the passenger station at Bloomington; that appellee was not told to get off the car at the passenger station, nor was he told so to do by appellant's employes shortly before he was injured; that the train had passed the passenger station at Bloomington, Indiana, when the injury occurred, and appellee would not have been so injured had he left the train at the passenger station.

The jury in answer to the question, "Was plaintiff injured on November 4, 1908, at Bloomington, Indiana, by the door of the defendant's car or was he injured by his own horse?" answered "We don't know," and gave the same answer to a question which asked if appellee's hand was injured by the closing of the door, and also stated that there was no evidence showing how his hand was injured. It has been held that the answer "Do not know" is not a proper answer to a question pertinent to the issues. *Buntin* v. *Rose* (1861), 16 Ind. 209. Also that such an answer is uncertain and without effect on the case. *United States, etc., Paper Co.* v. *Landers* (1911), 47 Ind. App. 315, 93 N. E. 232.

But appellant insists that these answers show that it was guilty of no negligence causing appellee's injury; that the jury did not know how appellee was injured; that the answer "No evidence" is equivalent to a finding that appellee had failed to prove he was injured as alleged.

The complaint charges that appellee was thrown violently forward in the car, down on the floor, and against the side and end of such car, and by reason thereof and thereby his left hand was wounded, bruised and lascerated, the great and index fingers almost severed from the hand, and the other fingers on his hand were cut, torn and mashed; that by reason of such fall he was rendered unconscious for a long time, was bruised and injured

in the internal organs of the head, body, back, chest, abdomen and pelvis, his nervous system was greatly shocked and impaired; that a slight hernia was greatly increased in size and severity by such fall and the jerking of said car, and his bowels thereby caused to protrude through the enlarged opening; that he has on account thereof suffered great pain and anguish of body and mind, and is severely and permanently crippled and injured.

The general verdict finds every material and issuable fact in favor of appellee, which includes a finding that appellee received all the injuries alleged in the manner stated in the complaint.

If we could consider it as showing anything in the case, the answer "We don't know" to the question as shown, is by no means the equivalent of saying generally that the jury did not know how he was injured. Nor is it or the further answer that the jury did not know that appellee was injured by the closing of the door, inconsistent with the general verdict.

The answer, wherein the jury stated that there was no evidence to show how appellee's hand was injured, is also insufficient to overthrow the general verdict. At most, it only shows the failure of evidence to prove the manner in which appellee's hand was injured. The injury to the hand was only one of several alleged injuries and the general verdict is a finding that he suffered all the injuries charged in the complaint.

There is nothing in the record that affirmatively shows that the jury considered the injury to the hand in the assessment of damages, nor does appellant claim that any amount was allowed for the injury to the hand, but insists that the answer "No evidence" to the aforesaid question overcomes the general verdict by showing a failure to prove the injury alleged. The jury was instructed by the court that it must decide the case in accordance with the law as given by the court and on the evidence which was intro-

duced, and determine every question in accordance with the preponderance of evidence relating to it; that appellee had the burden of proving negligence as charged in the complaint; that it must look to the evidence for the facts, and was expressly told that in the assessment of damages it was to be governed only by the law and the evidence.

10. In view of these instructions and in the absence of any showing to the contrary, we must presume that the jury in assessing the damages considered only such injuries as were warranted by the evidence. It has been held that when the facts found by the jury in answer to interrogatories are such only as to preclude a recovery on one branch of a case, and no facts are found which preclude a recovery on another branch, it will be presumed that the jury based its verdict on the branch of the case on which the answers were not inconsistent with the general verdict. *Cleveland, etc., R. Co.* v. *Johnson* (1893), 7 Ind. App. 441, 444, 33 N. E. 1004; *Bedford* v. *Spilman* (1895), 11 Ind. App. 684, 687, 39 N. E. 427.

Furthermore, in considering the answers to questions relating to the injury to appellee's hand, it is extremely doubtful if there is such conflict as would warrant

11. us in setting aside the general verdict, if no other injury was alleged. It is apparent that the jury had in mind that there was no evidence showing the particular manner in which appellee's hand was injured, and not the idea that there was no evidence showing that his hand was injured in the accident caused by the alleged negligence of appellant. The complaint describes how he was thrown down, and states that he was rendered unconscious by the jar and injuries received. There was no dispute on the proposition that his hand was found in the mangled condition alleged, immediately following the collision. So when considered either on the theory that there is no irreconcilable conflict between the answers and the general verdict, or on the theory that there is no showing that the jury in

assessing the damages considered any other injury than that shown by the evidence to have been the result of appellant's alleged negligence, we find no merit in appellant's contention that the answers to the interrogatories are in such conflict with the general verdict as to overthrow it.

Appellant insists that the court erred in giving instructions nineteen, twenty, twenty-one, twenty-three and twenty-four of its own accord, and in refusing to give instructions six and eight, tendered by appellant. Those given relate to the duty of a common carrier to its passengers. Appellant insists that they were correct as applied to persons on regular passenger trains, but not applicable under the issues in this case.

The court, at the request of appellant, gave instruction five, which, in substance, told the jury that a railroad company is not bound to furnish a passenger on a freight train the same conveniences that are afforded on a passenger train; that such passenger is presumed to know the way in which freight trains are ordinarily operated; that he assumes the additional risks ordinarily incident to riding on such freight train. The court also told the jury in another instruction that there are some perils which are necessarily incident to traveling in a stock car, among which are the sudden jars which occur in operating the train; that these are assumed risks of such travel; that if the occurrence which caused appellee's injury was only such as would necessarily attend the operation of the car on which he was riding, its verdict should be for appellant. The jury was also told that if it found that appellee's injury was due to a mere accident, without any fault on the part of appellant or its employes, there could be no recovery.

In *Lake Shore, etc., R. Co. v. Teeters* (1906), 166 Ind. 335, 346, 77 N. E. 599, 5 L. R. A. (N. S.) 425, it is stated: "While the traveler assumes the discomforts and dangers which are inseparably incident to travel in a stock car, yet as against a negligent act in the management of the train,

such as a wrecking of a portion of it through the negligent operation of the brakes, it cannot be said that the act of the traveler is in anywise contributory thereto.'' The opinion from which we have just quoted is an instructive and well-considered discussion of questions involved in this case. In that case, the injured person was a caretaker of stock on the train. In this case, appellee is shown to have paid his fare and was riding in the car with his horse, with the knowledge and acquiescence of appellant's servants in charge of the train. This puts him in practically the same situation as a caretaker, for the complaint alleges that appellant accepted him as a passenger in the box-car with said horse, and agreed to carry him safely from Bargersville to the stockyards in or near Bloomington, Indiana.

The instructions given, when considered together, state the law fully and correctly on the subject of the duty and liability of appellant, and the risks assumed by appellee as such passenger. *Glenn* v. *Lake Erie, etc., R. Co.* (1905), 165 Ind. 659, 75 N. E. 282, 2 L. R. A. (N. S.) 872, 112 Am. St. 255, 6 Ann. Cas. 1032; *Southern R. Co.* v. *Roach* (1906), 38 Ind. App. 211, 215, 78 N. E. 201; *Indianapolis, etc., R. Co.* v. *Beaver* (1873), 41 Ind. 493, 498; *Ohio, etc., R. Co.* v. *Selby* (1874), 47 Ind. 471, 492, 17 Am. Rep. 719; *Ohio, etc., R. Co.* v. *Dickerson* (1877), 59 Ind. 317, 322. The court did not err in refusing to give instruction six, tendered by appellant, for it is in substance and meaning identical with instruction seven, given to the jury at the request of appellant. Both instructions told the jury that if plaintiff failed to exercise the care for his own safety required by the law under such circumstances, and such want of care on his part contributed to his alleged injuries, he could not recover.

Complaint is also made of the court's refusal to give instruction eight, tendered by appellant, which is as follows:

"If you find from the evidence in this case that said Tucker was instructed and advised by the employees of said Railroad to remain and stay away from the door of said car in which he was riding and that the same was dangerous and that at said door was a place of danger, and that if you further find that said Tucker was also instructed and advised by said employees of said defendant to let the door of said car remain closed and shut and that by opening said door it rendered the same dangerous and exposed plaintiff to a place of danger; and if you further find from the evidence in this case that said Tucker after he had been so advised by said employees of said defendant, if he was so advised, remained by said door at a place where he had been instructed by said employees not to be and remain and by so remaining at said place he was injured thereby, then you should find for the defendant Railroad Company." Granting that the jury found all the facts against appellee that are embraced in this instruction, the court was not warranted in stating that it should then "find for the defendant." The instruction is too narrow to warrant such conclusion, for by its terms, if appellee received any injury whatever by remaining at the door of the car, under the conditions stated, he was wholly precluded from any recovery, though he may have received other injuries due to appellant's negligence, and in no way contributed to or caused by his remaining at or near said door. Furthermore, under this instruction, if appellee was injured at all by remaining at the door, he was precluded from any recovery whatever, though such injury may not have been alleged in the complaint as a basis for recovering damages.

The court was not warranted in directing the jury that it should find for defendant on the whole case on the conditions stated in this instruction, and therefore did not err in refusing it. Instructions are not to be considered in detached parts, but as a whole, and when so considered the instructions given state the law fully and

correctly, as applied to the case made by the pleadings and the evidence.

Appellant also insists on a reversal on the ground that the verdict is not sustained by sufficient evidence, and especially urges three points to sustain this contention: (1) The evidence shows that appellee was not a caretaker, but a passenger; (2) as a passenger, he should have left the train at the passenger depot; that appellant only undertook to carry him to that place, and by remaining in the car after it left the passenger station, appellee assumed the risks incident thereto, and appellant owed him no duty except not wilfully to injure him; (3) that the evidence does not tend to support the verdict in showing that the injury was the proximate result of the alleged negligence.

As already indicated, we think appellant is right in the first contention. The undisputed evidence is that after the train had reached a station between Bargersville and Bloomington, appellant's conductor discovered that appellee was riding in the car with the horse he was shipping; that he claimed the right so to do because he had paid for shipping the horse; that this claim was disputed by appellant's conductor, and thereupon appellee paid him the usual fare from Bargersville to Bloomington; that he remained in the car without objection on the part of appellant. Appellee alleges that appellant undertook to carry him to the stockyards at Bloomington, and the jury so found by the general verdict. There was evidence from which, by implication, the jury was warranted in finding that appellant's servants in charge of the train, assigned appellee to the place he occupied in the freight car, or at least acquiesced in his riding there, knowing that he was shipping the horse. It was a question for the jury to determine from the evidence, the place to which appellee was to be transported, and having found the fact to be as alleged, we are not warranted in disturbing the finding. There is evidence from which it may reasonably be inferred

that appellant undertook to carry appellee to the stockyards at Bloomington. What we have said in passing on the sufficiency of the complaint applies to the legal questions involved in appellant's third objection, *supra*. It is not incumbent on a plaintiff to prove his case by any particular kind or class of evidence, but he must produce some evidence to sustain each material allegation of his complaint or a verdict in his favor cannot be sustained when properly challenged. If from all the facts and circumstances proven in the case, the inference may be drawn that appellee was injured in the manner alleged, and the jury has so found, this court has no authority to disturb the finding and judgment. *Cincinnati, etc., R. Co.* v. *McMullen* (1889), 117 Ind. 439, 448, 20 N. E. 287, 10 Am. St. 67; *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470, 485, 73 N. E. 990; *Matchett* v. *Cincinnati, etc., R. Co.* (1892), 132 Ind. 334, 31 N. E. 792.

Appellant also asked a new trial because of the admission in evidence of the testimony of certain medical men, which is alleged to have been hearsay testimony, or narrative statements of past pain and suffering. At several points in the examination of these witnesses the court struck out testimony which was not responsive to the questions, and objectionable as narrative of past events. Some of the objections were to questions which simply asked the witnesses what they saw when examining appellee's said injuries. These questions were clearly proper, and the testimony elicited was competent. Doctor Smock was asked if he heard appellee "make any complaint of pain about his hand, expression of pain, and if so, state what he said." The only objection to this question was that the statement was not competent unless made prior to the commencement of this action. This was not a good objection. The question fairly construed asked him to state what he heard, if anything in the way of expressions

of present, existing pain relating to the time he saw appellee. This class of testimony is competent and its admissibility does not depend on the statements being made before suit is begun. The ground of this objection might be considered in weighing such testimony, but not in determining its admissibility.

The objections to the testimony of Mr. Sanders and others, on the ground that the questions called for hearsay evidence, and not for expressions of present pain, are not sustained by the record. The evidence admitted by the court comes within the rule as declared in many of our decisions. *Chicago, etc., R. Co.* v. *Spilker* (1893), 134 Ind. 380, 391, 33 N. E. 280, 34 N. E. 218; *Cleveland, etc., R. Co.* v. *Carey* (1904), 33 Ind. App. 275, 283, 71 N. E. 244; *Board, etc.,* v. *Leggett* (1888), 115 Ind. 544, 546, 18 N. E. 53; *Carthage Turnpike Co.* v. *Andrews* (1885), 102 Ind. 138, 144, 1 N. E. 364, 52 Am. Rep. 653. The exact words of the person whose expressions of present and existing pain are called for in evidence need not be given, and slight departure from the rule admitting such testimony is not sufficient ground for reversal. *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360, 372, 71 N. E. 201.

No error harmful to appellant has been shown in the admission or exclusion of testimony. The motion for a new trial was properly overruled.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 431. See, also, under (1) 29 Cyc. 583; (2) 6 Cyc. 626; (3) 6 Cyc. 594; (4) 6 Cyc. 626; (5) 31 Cyc. 358; (6) 38 Cyc. 1921; (8) 38 Cyc. 1927; (12, 16) 38 Cyc. 1778; (14) 38 Cyc. 1711; (15) 38 Cyc. 1632; (18) 31 Cyc. 674; (19) 3 Cyc. 348; (20) 17 Cyc. 234; (21) 16 Cyc. 1164. As to the liability of a railway company to a person riding with livestock to care for it, see 61 Am. St. 89; 31 L. R. A. (N. S.) 632. As to the liability to a person riding on a drover's pass or in charge of stock, see 6 Ann. Cas. 799.